**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

J.B. on behalf of K.B.,

                        Plaintiffs,

        -against-

New York City Department of Education,

                        Defendant.

**COMPLAINT**

**08 CV 01212 (LAP) (DFE)**

-----------------------------------------------------------------

Plaintiff J.B., on behalf of K.B., by their attorneys, Mayerson & Associates, as and for their Complaint against defendant, the New York City Department of Education ("NYCDOE"), allege the following:

1. This action seeks to assess, adjudicate, and fix the amount of plaintiffs' entitlement to statutorily recoverable attorneys' fees and the related costs and disbursements associated with having achieved "substantially prevailing party status" at successive administrative due process proceedings involving the provision of a free and appropriate public education ("FAPE") to plaintiff K.B., for purposes of the 2005-2006 school year. This action is being brought pursuant to the provisions of 20 U.S.C. § 1400 *et. seq.*, more commonly known as the Individuals with Disabilities Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415(i)(3)(A)-(G).

2. Pursuant to 20 U.S.C. §§ 1415(i)(3)(A)-(G), D.B. should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 55696 (2005-2006) conducted through defendant's Impartial Hearing Office. The operant Decision is dated February 25, 2005.

3. This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415(i)(3)(A)-(G) and <u>A.R. v. N.Y. City Dept. of Educ.</u>, 407 F.3d 65 (2d Cir. 2005), without regard to the amount in controversy.

4. Venue properly lies in this district as plaintiffs reside and defendant has offices located in this district.

5. K.B., the son of plaintiff J.B., is a minor child who has been diagnosed with an autism spectrum disorder. K.B. is, and at all relevant times has been, a student within the NYCDOE entitled to all the rights and procedural safeguards mandated by applicable law and statutes, including but not limited to the IDEIA and the New York State Education Law.

6. Plaintiff J.B., the mother of K.B., at all relevant times has resided within this district and currently resides at 1542 Utopia Parkway, Whitstone, New York 11347.

7. Plaintiff J.B., and her son K.B., are not expressly named within this Complaint because of the privacy guarantees contained in the IDEIA and 20 U.S.C. § 1232(g), more commonly referred to as the Family Educational Rights and Privacy Act.

8. Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education (hereinafter "FAPE") to K.B. in his least restrictive environment pursuant to K.B.'s statutory rights as a student with a disability.

9. On or about August 25, 2004, plaintiff initiated an administrative, due process proceeding (Case No. 55696) against the defendant, in order to secure reimbursement and other relief based upon the NYCDOE's failure to provide K.B. with a FAPE for purposes of the 2005-2006 school year.

10. Following a period of preparation and evidentiary disclosures, an evidentiary hearing followed. Attorney Gary S. Mayerson and other Mayerson & Associates functionaries represented plaintiffs throughout this proceeding (Case No. 55696).

11. By "Findings of Fact and Decision" dated February 4, 2005, Impartial Hearing Officer Martin Schiff rendered an award in favor of D.B., in Case No. 55696, establishing plaintiff as substantially prevailing parties in that latest administrative due process proceeding.[1] Defendant never appealed from the underlying administrative decision, which became final and non-appealable.

12. Due to plaintiffs' status as the substantially prevailing party, they are entitled to attorneys' fees and costs in the administrative proceedings at the IHO level, at the currently "prevailing" rates.

13. The fees and costs that were recorded by plaintiffs' counsel are reasonable and appropriate and plaintiffs' counsel has recognized special expertise in special education matters in general, and autism spectrum matters in particular. The Second Circuit and other courts have previously recognized plaintiffs' counsel's special expertise and have held that IDEA-based fees at the administrative level are to be treated no differently than attorneys' fees at the federal level.

14. Necessary duties involved with preparing K.B.'s case for the multiple administrative hearings at the IHO level included, but were not limited to: (a) significant file review and analysis of IEP's assessments, evaluations and progress reports; (b) communications with plaintiffs and other potential witnesses; (c) drafting, writing and filing detailed impartial due process hearing requests; (d) reviewing and disclosing documentary information relevant to K.B.'s claims; (e) scheduling and preparing witnesses to testify at the hearing; (f) developing and readying an effective case presentation; and (g) commencing and prosecuting this action, including litigating any fee application that may be made, as well as any appeals that might be taken.

---

[1] A copy of the decision is annexed hereto as Exhibit A.

**PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, this Court should: (a) fix and award plaintiffs attorneys' fees and related costs and disbursements from the IDEIA administrative due process matter, in an amount to be set by this Court; (b) award plaintiffs their attorneys' fees and related costs and disbursements of this action, including the anticipated fee application, in an amount to be set by this Court; and (c) award plaintiffs such other, further and different relief as the Court deems appropriate under the circumstances.

Dated:  February 6, 2008
            New York, New York

Gary S. Mayerson (GSM8413)
Mayerson & Associates
Attorneys for Plaintiff
330 West 38th Street, Suite 600
New York, New York 10018
(212) 265-7200
(212) 265-1735 (fax)

# FINDINGS OF FACT AND DECISION

Case Number:               55696

NYS Case Identifier Number:   10156

Student's Name:            Kade Christian Bair

Date of Birth:             June 18, 1999

District:                  25

Hearing Requested By:      Parent

Date of Hearing:           January 21, 2005

Hearing Officer:           Martin Schiff, Esq.

Hearing Officer's Findings of Fact and Decision                                            1

Case No.  55696

_____

## NAMES AND TITLES OF PERSONS WHO APPEARED

| | | |
|---|---|---|
| Eric Nachman | Attorney, Mayerson and Associates | Parent |
| Joanne Bair | Mother | |
| Eugene Reiss | Chairperson Designee, Psychologist, CSE, Region 3 | Department of Education |

Case 1:08-cv-01212-DLC   Document 1-2   Filed 02/06/2008   Page 2 of 7

JURISDICTIONAL STATEMENT AND POSITION OF THE PARTIES

On August 26, 2004 I was appointed to hear the matter of Kade Christian B., pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1415(f)(1) and <u>Florence County School District v. Carter by Carter</u>, 114 S.Ct. 361 (1993). On January 21, 2005 the matter was heard. At this time the proceedings were closed, and no further testimony was taken. There were no post-hearing exhibits submitted by the parties. Appended to the record is a list of persons in attendance and evidence submitted.

It is noted that this is a parental request for an impartial hearing to adjudicate claims for declaratory and <u>Burlington/Carter</u> reimbursement relief relating to the 2004-2005 school year and the summer of 2005. The parental request is based on an allegedly defective Committee on Special Education (CSE) meeting, both procedurally and substantively, held on June 14, 2004. The Department of Education concedes that the CSE meeting of June 14, 2004 and the resultant Individualized Education Program (IEP) were inadequate but did not agree fully with the remedies requested by the parents.

Kade Christian, the child in question, is a five-year-old boy diagnosed with autism spectrum disorder. He is receiving pendency services pursuant to an old IEP.

THE DEPARTMENT'S CASE

Eugene Reiss, a psychologist and Region 3 CSE designee, testified for the Department of Education (Department) that the child's last IEP of June 14, 2004 was "inadequate," and, therefore, the child was not given a free appropriate public education (FAPE). He took no issue with the essence of the parents' letter of August 25, 2004 (Exhibit 1) which requested an impartial hearing and which set forth in detail the procedural and substantive defects of the CSE and IEP of June 14, 2004. He did take issue with the "proposed solution" set forth in that letter and, specifically, the following: "To the extent that Kade's parents have to implement the above services, they should be reimbursed for the cost of the Applied Behavioral Analysis (ABA) home program, the ABA support in the mainstream preschool, supervision and parent training and team meetings. In addition, the Department should fund Kade's related services as outlined

above.  In the event the Department will not fund the services, Kade's parents should be reimbursed for the related services they implement."

THE PARENTS' CASE

Eric Nachman, the parents' attorney testified that the IEP of June 14, 2004 "was totally inappropriate and no FAPE was offered." (Tr. at 7)  He noted that the IEP (Exhibit 4) had procedural defects such as the absence at the CSE meeting of a special education teacher, the inability to identify the person who signed in as the general education teacher, and the absence of a parent member. (Tr. at 8)  Substantive defects included: "no continuation of ABA services, or any explanation as to why they were dropped.  There were no goals or objectives, no assistive technology."  There was also no placement for the child and "no functional behavior assessment or behavior intervention plan." (Tr. at 8)

Joanne B., the child's mother, testified on the issue of whether the parents should be reimbursed to the extent that the parents laid out their own money in payment for the child's services deemed to be required.  She stated that she would fund whatever services were required by her child and would expect to be reimbursed.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

It is clear that the legislative intent of 20 U.S. Code Section 1412 of the IDEA is to provide a FAPE to all children with disabilities so that these individuals may ultimately lead productive and independent lives as adults to the maximum extent possible.  In furtherance of this, the IEP is designated, essentially, as the blueprint for ensuring the integrity and appropriateness of the child's education.  The IEP team's determination of how that child's disability affects his involvement and progress in the general curriculum is the primary tool by which the protections of the IDEA are implemented per sections 1436(d) and 1414(d).  It is hoped that, as a tool, the IEP will be proactive rather than merely responsive to crises in educational management.  In furtherance of this goal, the Department is constrained to develop a plan which meets the requirements of service delivery in the "least restrictive environment."  Specifically, children with disabilities must be educated with children who are not disabled to the

maximum extent possible.  Separation or removal from the mainstream curriculum is indicated only where the nature or severity of the disability is such that an education in regular classes with the use of supplementary aids and services cannot be achieved successfully.

In the instant case the testimony and exhibits submitted indicate clearly that the child's IEP of June 14, 2004 was flawed both procedurally and substantively.  The relief requested by the parents set forth in Exhibit 4 was fair and reasonable for the most part.  The equities also favor the parents since they have acted in the best interests of their child and done nothing to contribute to the failures of the CSE and IEP of June 14, 2004.  Therefore, the relief requested in Exhibit 4 will be granted with some slight modifications.

ORDER

WHEREFORE, it is hereby ordered that:

1.  The Department will provide Kade Christian B. with a technology evaluation to precede implementation of his assistive technology.

2.  The Department shall provide the child with a full-time ABA program with supervision (approximately 40 hours) to be divided between 1:1 work at home and increased hours with 1:1 ABA support at a mainstream school setting.

3.  The Department shall increase his speech and language therapy to five hours per week to target his special difficulties in this area and provide him with an electronic speech device to assist his progress.

4.  The Department shall provide for the continuation of his physical therapy 1 x 60 minutes weekly and occupational therapy 2 x 60 minutes weekly.

5.  The Department shall provide for services to address the child's toileting and feeding needs.

6.  The Department shall fund the child's parents for their ABA training for one hour per week.

7.  All of the above services shall commence immediately and continue through August 2005.

8. In the event that the Department does not timely implement and fund the above services as ordered, and the parents, consequently, see fit to implement and fund the above services on their own, they shall be reimbursed by the Department for all monies laid out for the above services.  In such event, the parents shall document all their expenditures.

Dated:  February 25, 2005

                                                MARTIN SCHIFF, ESQ.
                                                Impartial Hearing Officer

MS:jm


**PLEASE TAKE NOTICE**

**Within 35 days of the date of this decision, the parent and/or the New York City Department of Education has a right to appeal the decision to the State Review Officer of the New York State Education Department under Section 4404 of the Education Law and the Individuals with Disabilities Education Act.**

**"The notice of intention to seek review shall be served upon the school district not less than 10 days before service of a copy of the petition for review upon such school district, and within 25 days from the date of the decision sought to be reviewed.  The petition for review shall be served upon the school district within 35 days from the date of the decision sought to be reviewed.  If the decision has been served by mail upon petitioner, the date of mailing and the four days subsequent thereto shall be excluded in computing the 25- or 35-day period." (8NYCRR279.2[b])  Failure to file the notice of intention to seek review is a waiver of the right to appeal this decision.**

**Directions and sample forms for filing an appeal are included with this decision.  Directions and forms can also be found in the Office of State Review website: www.sro.nysed.gov/appeals.htm.**

Hearing Officer's Findings of Fact and Decision 6

Case No.  55696

_____


# DOCUMENTATION ENTERED INTO RECORD

| | | |
|---|---|---|
| 1. | Demand for Due Process, 8/25/04, 3 pp. | Parent |
| 2. | Letter from Alyson H. Gutman, MD, Schneider Children's Hospital, 7/22/04, 1 p. | Parent |
| 3. | Speech/Language Progress Report from Nicoletta Stagias-Coulianidis, M.A. CCC-SLP, 1 p. | Parent |
| 4. | IEP, 6/14/04, 12 pp. | Parent |
| 5. | IEP, 4/27/04, 14 pp. | Parent |
| 6. | Educational Progress Report by Danijela Todorovich, MS Ed., 3/10/04, 4 pp. | Parent |
| 7. | Pediatric Neurodevelopmental Evaluation from Alyson Gutman, MD, Schneider Children's Hospital, 1/6/03, 2 pp. | Parent |
| 8. | Related Service Student Progress Report – September-December 2004 by Doris Stanojev, MS, CCC-SLP, 2 pp. | Parent |